963 F.2d 382
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Leland A. FITZGERALD and Helen S. Fitzgerald, Plaintiffs-Appellants,
v.
UTAH COUNTY, a body corporate and politic of the State of
Utah and a governmental entity of the State of Utah, Jeff
Mendenhall, Gordon Rose, Iva Snell, and John Does 4 Through
20, Defendants-Appellees.
 No. 89-4123.
 United States Court of Appeals, Tenth Circuit.
 May 8, 1992.
 
 Before McKAY, Chief Judge, HOLLOWAY, Circuit Judge, and DUMBAULD, District Judge.[1]
 ORDER AND JUDGMENT[2]
 McKAY, Chief Judge.
 
 
 1
 Appellants challenge a District Court decision granting summary judgment against them on claims brought pursuant to 42 U.S.C. § 1983. The District Court dismissed a number of constitutional challenges to the validity and enforcement of certain Utah County Ordinances involving the subdivision of property.
 
 
 2
 Utah County Ordinance 4-3-52 provides that a subdivision plan or plat cannot be recorded until approved by the county planning commission, and no land located within a subdivision can be sold until the plat has been recorded. Utah state law defines a subdivision as "the division of a tract, or lot or parcel of land into three or more lots, plats, sites or other divisions of land for the purpose ... of sale or of building development." Utah Code Ann. 17-27-27. This definition specifically excludes "a bona fide division or partition of agricultural land for agricultural purposes." Id. In recognition of this definitional exclusion, Utah County Ordinance 4-3-53 provides for a waiver of the subdivision plat filing requirement for property owners who want to subdivide and sell agricultural land without recording a plat. In order to receive such a waiver, the property owner must record restrictive deed covenants precluding residential or other non-agricultural use of the land. Utah County requires such covenants to insure that the divided property will not be used for a purpose that would otherwise require the recordation of a subdivision plat.
 
 
 3
 Appellants subdivided and sold agricultural land without recording a plat or obtaining a waiver.[3] At the time Appellants instituted their action, they had yet to apply for subdivision plat approval for any of the property they divided and sold. Appellants brought this § 1983 action against Utah County and its employees asserting a number of constitutional challenges to the validity and enforcement of the Utah County ordinances. The District Court granted Appellees summary judgment on all the claims. Appellants now challenge the District Court's dismissal of their claims (1) that the ordinances are constitutionally invalid on their face and as applied as a violation of due process; (2) that the enforcement of the ordinances constituted a taking of their property without just compensation in violation of the Fifth Amendment; and (3) that Appellees' publication of defamatory statements to purchasers and potential purchasers of Appellant's property deprived Appellants of property rights without due process of law.
 
 
 4
 We review a grant of summary judgment de novo. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). In doing so, we are mindful that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there is no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis added). We keep this standard in mind in reviewing the District Court's disposition of the case at hand.
 
 
 5
 Appellants assert that the District Court incorrectly granted summary judgment on their claim that the Utah County Ordinances were unconstitutional both on their face and as applied to Appellants. The District Court determined that Appellants could not meet their burden of establishing that the ordinances are arbitrary or capricious, having no substantial relationship to promoting the safety, order, prosperity and general welfare of the community. The District Court further determined that Appellants failed to show the unavailability of adequate state remedies of redress and, thus, could not show a violation of due process. After a careful review of the District Court's disposition on these issues, we affirm for substantially the reasons stated by the District Court.
 
 
 6
 We likewise affirm the District Court's disposition of Appellants' claim that Appellees' allegedly defamatory statements deprived Appellants of property rights without due process of law. As the District Court correctly noted, mere deprivation of a liberty or property interest suffered at the hands of an individual acting under color of state law is insufficient to establish a violation of the Due Process Clause absent a showing that the deprivation occurred without due process. Even assuming for the purposes of this appeal that Appellees made defamatory statements thereby depriving Appellants of a recognizable liberty or property interest, Appellants failed to show a genuine issue of fact existed as to whether such a deprivation occurred without due process of law.
 
 
 7
 Due process normally requires notice and a pre-deprivation hearing. See Board of Regents v. Roth, 408 U.S. 564, 570-71 (1972). An exception exists, however, where the deprivation is the result of random and unauthorized conduct by state employees rather than an established state procedure. In these cases an adequate post-deprivation remedy will satisfy due process. Hudson v. Palmer, 468 U.S. 517, 531-33 (1984). The District Court determined that in this case it appeared that "a predeprivation hearing would have been impractical because it was not a state system or procedure which worked a deprivation of plaintiffs' liberty or property interest. Rather, the relevant statements appear to be random, unauthorized statements made by employees of Utah County." Aplt.App. E at 15. Thus, the availability of post-deprivation state remedies would satisfy due process in this case. Appellants failed to point to any law or fact indicating the inadequacy of a number of state post-deprivation remedies available to them. We agree, therefore, with the District Court that Appellants failed to establish at least one essential element of their defamation-plus claim. Thus, Appellees were entitled to judgment on this claim as a matter of law.
 
 
 8
 We cannot affirm, however, the District Court's disposition of Appellant's taking claim. The District Court granted summary judgment against Appellants on this issue because, in relevant part, Appellants failed to exhaust state remedies. While we agree that Appellants failed to exhaust state remedies of their taking claim, we conclude the District court improperly disposed of this issue through summary judgment.
 
 
 9
 The law is clear that a taking claim is not ripe until all administrative avenues for review of the unfavorable zoning decision have been exhausted and state procedures for obtaining just compensation have been utilized. See Williamson Co. Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 186-87 (1985); Landmark Land Co. of Oklahoma v. Buchanan, 874 F.2d 717, 721 (10th Cir.1989). Utah state law provides for an appeal to the board of adjustment for persons aggrieved by a decision made in the course of administering or enforcing zoning regulations. See Utah Code Ann. 17-27-16. Utah also provides aggrieved owners a means for obtaining just compensation. Article I, Section 22 of the Utah Constitution provides that "[p]rivate property shall not be taken or damaged for public use without just compensation." It is undisputed that Appellants have not pursued their claims with the board of adjustment, nor have they demonstrated that an appeal would be futile or that the decision at issue is otherwise final. Appellants have also failed to establish that they pursued state procedures for obtaining just compensation.
 
 
 10
 Consequently, Appellants' Fifth Amendment takings claim is not ripe until they have sought, and been denied, just compensation through state procedures. See Miller v. Campbell County, 945 F.2d 348, 352 (10th Cir.1991), cert. den., --- U.S. ----, 112 S.Ct. 1174 (1992). Because Appellants' taking claim is premature, we must vacate the District Court's grant of summary judgment against Appellants on this issue and remand with directions to enter an order dismissing the case for lack of subject matter jurisdiction.
 
 
 11
 After a thorough review of the briefs and the record we AFFIRM the District Court's disposition on all issues raised with the exception of Appellant's Fifth Amendment taking claim. With respect to the taking claim, we VACATE the District Court's grant of summary judgment and REMAND to the District Court for disposition consistent with this opinion.
 
 
 
 [1]
 Honorable Edward Dumbauld, United States District Judge for the Western District of Pennsylvania, sitting by designation
 
 
 [2]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [3]
 Apparently not all the purchasers were willing to execute covenants precluding residential use